FARMER, J.,
dissenting.
In order to abuse discretion, a judge must have it in the first place. So far as I am aware, there is no discretion given to trial judges to remove jurors during a trial in a criminal ease because they may have previously formed some ideas about the general nature of something the state might use as evidence. I am not surprised by the state’s failure to suggest the source of any discretion to remove a juror at the point this case had reached and on the grounds stated, for I know of none. Thus the removal of this juror during trial was both unwarranted and unauthorized. If that be true, then it seems to me that the consequence may be to discharge defendant on double jeopardy grounds.
The subject of dismissing and excusing jurors is governed by clear rules. One such provision, rule 3.300(c), deals with the trial judge excusing prospective jurors, but only after questioning of jurors by the parties as to possible bias. Rule 3.300(c) goes on to specify that either party may challenge the juror as provided by the rules of criminal procedure. Rule 3.310 then specifies that the time for such challenges is “before the juror is sworn to try the cause” and in any event “before any evidence is presented.” No other provision in the rules of criminal procedure permits the excusal or challenge of a juror on the grounds of previously formed ideas about the general nature of something the state might use to prove guilt after any evidence has been presented.[1]
Not mentioned by the majority but surely significant is that the state had a full opportunity during voir dire examination to question the juror about his views and attitudes. The state thereafter accepted the juror to sit in this case, making no motion to excuse him for cause during jury selection and using no peremptory strikes against him. When the magic moment came and the court inquired whether both sides accepted the jury, the state plainly manifested its pleasure with his participation in this cause. The jury was thus sworn — again without protest from the state- — and the presentation of evidence began. I couldn’t bear to know how much more a party would have to do in order to *283 waive any challenge based on juror attitudes.[2]
One recalls the many criminal appeals where, under identical circumstances, the state argued that a defendant waived any objection to a juror because of the failure to challenge a juror and the acceptance of the venire as constituted. Why such manifest acquiescence in a juror should not amount to a waiver of any objection because of attitudes and beliefs is simply beyond me. Yet the majority mentions not so much as a word about this aspect. A juror’s belief system is clearly a subject the parties should not take up after evidence begins. The time for this subject is during voir dire examination. Once the presentation of evidence begins, each party is stuck with the jurors they together accepted in the jury selection process. I cannot but wonder whether the court will now treat all such late-blooming discomfiture of a party with a juror’s attitudes as fair game, without any taint of waiver.
It is also apparent that the juror’s disclosure mid-trial has nothing to do with his legal ability to be a juror. There was no issue raised as to his competence and capacity to sit on this jury. He did not unexpectedly reveal that he was an alien or that he did not reside in Florida or that he was legally incompetent to be a juror. He did not suddenly reveal a physical condition making him unable to continue. He suffered from no mental disease or defect rendering him unfit to be a juror.
And what he did reveal does not mean that he cannot be fair. What this juror revealed is that he will process eyewitness testimony with doubt. In the trial of a criminal charge, epistemology is everything to the finding of facts. If the state’s eyewitness testimony is viewed with doubt and scepticism, that is as it should be. There is a beginning point in the factual inquiry as to guilt known as the presumption of innocence. It is not unfair to the state to begin with a healthy agnosticism about the state’s case. It is not unfair to the state to acquit an accused because of doubts about the reliability of eyewitness testimony.
In fact nothing the juror said suggests that he could not be persuaded as to the reliability and accuracy of the testimony given by the eyewitness in this case. This juror merely made clear that he will bring his own ideas about the sources of truth to his deliberations. So in fact do most jurors. Few simply accept all factual assertions by witnesses as true. We have no way of knowing how this juror would have processed the eyewitness testimony after the court gave the standard instruction on the believability of witnesses. The parties to a criminal trial are not entitled to jurors empty of attitudes and views. They are entitled only to jurors who will fairly apply the law to the facts deduced from the evidence admitted in trial.
I repeat, what this juror revealed does not make him unable to give any party a fair trial — and, importantly for the state’s argument, does not mean that he would be unfair to the state. In fact he never said that he could not be fair to the state. The problem with this juror as a juror is the problem every litigant faces with every juror. During the presentation of evidence — and even during closing argument — ideas formed in the past will be recalled by jurors and affect their processing of evidence and argument. To suggest that such recollections during trial result in unfairness to a party is to suggest that *284 juror selection is an unending process, one that continues throughout trial.[3] The absence of any specific rule or statute unambiguously authorizing the removal of a juror during the presentation of evidence in a criminal trial for the reason involved in this case is thus dispositive for me.
The state waived any objection and acquiesced in this man as a member of the jury. In my opinion this defendant had the right to have the final decision in his case made by the jury accepted by both parties. For that reason it is not necessary for defendant to prove any specific prejudice arising from the removal of this juror, any more than a defendant has to prove prejudice when a judge erroneously denies him a jury and tries the case instead from the bench.
After the jury has been selected in a particular case and evidence is being presented, the general right to trial by jury becomes a specific right to have this jury try this case. .As the Court explained in Arizona v. Washington, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978);
“Because jeopardy attaches before the judgment becomes final, the constitutional protection also embraces the defendant’s ‘valued right to have his trial completed by a particular tribunal.’ The reasons why this ‘valued right’ merits constitutional protection are worthy of repetition. Even if the first trial is not completed, a second prosecution may be grossly unfair. It increases the financial and emotional burden on the accused, prolongs the period in which he is stigmatized by an unresolved accusation of wrongdoing, and may even enhance the risk that an innocent defendant may be convicted. The danger of such unfairness to the defendant exists whenever a trial is aborted before it is completed. Consequently, as a general rule, the prosecutor is entitled to one, and only one, opportunity to require an accused to stand trial.” [c.o., f.o.]
434 U.S. at 503-05, 98 S.Ct. 824; see also Thomason v. State, 620 So.2d 1234 (Fla.1993) (under bar against double jeopardy, defendant has “valued right” to have trial completed by particular tribunal, but right is not absolute). The “valued right” is not without its limitations, but as the Court also explained:
“Because of the variety of circumstances that may make it necessary to discharge a jury before a trial is concluded, and because those circumstances do not invariably create unfairness to the accused, his valued right to have the trial concluded by a particular tribunal is sometimes subordinate to the public interest in affording the prosecutor one full and fair opportunity to present his evidence to an impartial jury. Yet in view of the importance of the right, and the fact that it is frustrated by any mistrial, the prosecutor must shoulder the burden of justifying the mistrial if he is to avoid the double jeopardy bar. His burden is a heavy one. The prosecutor must demonstrate ‘manifest necessity’ for any mistrial declared over the objection of the defendant.” [c.o., f.o.]
434 U.S. at 505, 98 S.Ct. 824; see also Oregon v. Kennedy, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982) (right to have a trial concluded by particular tribunal must sometimes give way to public interest allowing State one full and fair opportunity to present evidence to impartial jury); and Thomason, 620 So.2d at 1237 (“Because the right not to be subjected to double jeopardy is so important and because it is frustrated when a trial ends before a verdict is reached, the State bears a heavy *285 burden in justifying a mistrial over the objection of a defendant.”).
Thus the cases make clear that it is not defendant’s burden to prove that he was prejudiced by taking away this particular juror — and thus also this particular jury as constituted by the parties after jury selection. Rather the burden is on the state to prove a “manifest necessity” to replace the juror. In view of the full opportunity given the state to examine the juror during voir dire, I do not think the State of Florida can do so. There does not seem any necessity — manifest or otherwise — to remove a juror during trial for grounds relating to beliefs and attitudes when those attitudes could have been discovered before evidence was presented.
So the removal of this juror during trial suggests defendant ought to be discharged. But I would leave that issue to be addressed in the first instance by the trial court, for I could be wrong and might be persuaded to vote for a new trial instead of outright discharge. In any event, I dissent as to the affirmance of the conviction.

. I recognize that jurors are routinely replaced during trials when misadventure occurs to a member of the jury. For example it is not unknown for a juror to be injured, or fall ill, or simply fail to show up after trial has begun. In these instances, the substitution of an alternate is tolerated because the loss of the original juror does not appear to benefit either party and affects both equally. But that circumstance should be distinguished from what we face in this case, where the only basis for removing the juror was the truth-seeking attitudes or beliefs the juror brought with him to the jury.

. Of course, the instances where prospective jurors are untruthful during voir dire examination are also distinguishable from what happened here. There is no suggestion of non-disclosure or lying by this juror, so that circumstance should be disregarded.

. An attorney simply cannot cover every conceivable form of belief or attitude or preconception during the time the courts will typically allot for voir dire examination.